IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RANDALL LEE WHITT,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )   CV 04-PWG-0694-S
                                  )
ATTORNEYS RICHARD KEMPANER        )
and LARRY MORGAN,                 )
                                  )
    Defendant.                    )

FILED 04 JUN -7 AM 10: 35
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 07 2004

MEMORANDUM OF OPINION

    The magistrate judge filed a report and recommendation on April 22, 2004, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed as frivolous under 28 U.S.C. § 1915A(b). Plaintiff was informed that he could file specific objections to the report and recommendation within fifteen days of the filing of the report and recommendation. On May 6, 2004, plaintiff filed objections to the report and recommendation and a motion to amend his complaint.

    Plaintiff objects to the magistrate's recommendation that the defendants be dismissed. Plaintiff maintains they should be considered "state actors" because they conspired with the prosecutors in his criminal case. Plaintiff seeks to add the district attorney and two assistant district attorneys to his complaint and claims that they conspired with his attorneys to suppress exculpatory evidence in his capital murder trial. It is well settled that motions to amend are addressed to the sound discretion of the trial judge. *See, e. g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered

8

by FED. R. CIV. P. 15(a)'s proviso that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to allow amendment if to do so would be futile." *Laborers Local 938 Joint Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). It would be futile for the plaintiff to amend his complaint to add three prosecutors as defendants because a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991). Under these principles, even if he or she knowingly proffers perjured testimony and fabricated exhibits, a prosecutor is entitled to absolute immunity from liability for doing so. *Rowe v. Lauderdale*, 279 F.3d 1271, 1280 (11th Cir. 2002).

    While plaintiff has alleged that he has been the subject of a conspiracy, he has failed to set forth any facts concerning this conspiracy. He has also failed to set forth any facts that would demonstrate that Richard Kempaner, Karen Hall, or Timothy Morgan acted in any manner other than as prosecutors. Furthermore, the magistrate judge recommended that the complaint be dismissed because the defendants are not state actors. Even if plaintiff could show that his attorneys conspired with the district attorney, the act of conspiring with the district attorney would not change their status and make them state actors. Because plaintiff has failed to state a claim upon which relief can be granted his motion to amend his complaint is due to be DENIED.

    Having carefully reviewed and considered *de novo* all of the materials in the court file,

including the report and recommendation, the objections, and the motion to amend, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 7th day of June, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE